Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH F. BRADY, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HOLBROOK, CABOT & ROLLINS CORPORATION, Employer and Self-Insurer, Appellant.

Third Department, January 5, 1921.

**Workmen's Compensation Law — fracture of lower end of bone of right leg — amputation of leg at middle one-third of right thigh because of existence of malignant bone cancer — award for loss of leg reversed.**

An award for the loss of a leg should not be made where it appears that the claimant fractured the lower extremity of the right femur and that the amputation of his leg at the middle one-third of the right thigh was made necessary because of the existence of a malignant bone cancer which was discovered after the fracture.

H. T. KELLOGG, J., dissents.

APPEAL by the defendant, Holbrook, Cabot & Rollins Corporation, from a decision and award of the State Industrial Commission made on the 12th day of May, 1920.

*Adolph Hansen,* for the appellant.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

From the employee's claim for compensation, as appears in the record, we find the accident occurred on the 29th day of January, 1919, under the following circumstances: Claimant was at work for the appellant, employer and self-insurer, in the new Broadway subway at Forty-third and Forty-fourth

streets, New York city, and his occupation was that of store-room keeper. On the day in question he says he was walking along a dark passageway, where there was an incline, and that he miscalculated as to his exact location, and stepping into space fell down the incline and fractured the lower end of the bone in his right leg. Evidence shows that it was the femur. He was taken to the Roosevelt Hospital. There the injury was diagnosed as a " pathological fracture lower extremity right femur." After careful examination of the leg at seat of injury, including the X-ray, it was discovered that he had a well-developed bone cancer at the seat of injury; amputation of the leg at middle one-third of right thigh was immediately had; this was deemed necessary because the growth so discovered was malignant. The evidence given previous to May 5, 1920, was to the effect that the injury had nothing to do with the presence of the cancer and was not the cause of the amputation of the leg. Notwithstanding such evidence, the Commission made an award to claimant as and for the loss of the leg. The employer appealed to this court and the appeal was heard at the November term, 1919. The award was reversed. (189 App. Div. 405.) Mr. Justice WOODWARD, writing for the court, Mr. Justice LYON dissenting, said that the damage caused by the cancer was not compensable; that the cancerous condition, existing before the injury, was the only justification for the amputation of the leg. It is suggested in the opinion that an award might have been made for the accident; but it is expressly held it could not be made for the loss of the leg. As I read the former holding of this court (189 App. Div. 405, *supra*), an award can be made as for a fracture of the lower extremity of right femur and the loss resulting therefrom and occasioned thereby, independent of, and not influenced by, the presence of the cancerous condition of the bone and the consequent amputation. The case was sent back to the Commission and some months after a hearing was had at which Dr. Lewy was examined and testified. Before the taking of testimony was commenced, Mr. Shientag, of counsel for the Commission, said: " My own feeling is that I want to ask Dr. Lewy to testify what in his opinion was the probable period of disability in a case of this kind, and have those facts in the record, and go

up to the Court of Appeals on it." Dr. Lewy did not see the injury nor the claimant before amputation and necessarily testified from the record previously made up and upon hypothetical questions. He said the surgical disability would be three months, convalescing period six months additional, and that there would be a permanent defect, evidenced by shortening of the leg, involving the knee joint, causing a loss of function which would be a vocational defect. He also said that from his past experience the condition which he found here would amount to about the loss of half the leg. The last award was for the entire loss of the leg, same as first made by the Commission. The ruling of this court on the former appeal limited the compensable injury to the fracture, exclusive of the bone cancer or any results flowing therefrom. It is not ambiguous, and is controlling here.

The award should be reversed and the case remitted to the Commission with instructions to take evidence, if necessary, and make findings in accordance therewith.

All concur, except H. T. KELLOGG, J., who dissents and votes for dismissal.

Award reversed and matter remitted to the Commission with instructions to take evidence, if necessary, and make findings in accordance therewith.